**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID STARKS, #1198784,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-CV-2561-K |
| | ) | |
| **JEFFEREY BLANCH, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an action brought by an inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff's whereabouts are presently unknown. At the time of filing this action he was incarcerated at the Dallas County Jail. (See Complaint at 4). On February 10, 2005, he notified the court that he had been transferred to the Baten ISF Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Pampa, Texas. On May 24, 2005, the court re-mailed its February 9, 2005 letter inquiring about Defendant Jefferey Blanch's address for service of process to the Baten ISF's address. On June 1, 2005, this mailing was returned to the court as marked with the notation "inactive." (See Docket entry # 15).

Defendants are Police Officer Jefferey Blanch, the City of Dallas, and the State of Texas.[1]

Statement of Case: Plaintiff complains of two mace/pepper spray incidents which he alleges amounted to excessive use of force in violation of his constitutional rights. The first incident occurred during his arrest, whereas the second incident took place shortly after his arrival at the Detoxication Center on Chestnut Street. He requests monetary relief.[2]

Findings and Conclusions: The filing fee order, filed on January 20, 2005, specifically requires a litigant to inform the court of any change of address and its effective date. (Filing Fee Order ¶ 8). Although Plaintiff notified the court of his initial transfer to Baten ISF, he has failed to keep the court informed of any subsequent transfers or his current address in the event that he has been released from custody. His failure to follow this simple requirement may suggest that he no longer wishes to pursue his claims. However, regardless of the reasons for his failure to comply, the court is not required to delay disposition in this case until such time as Plaintiff provides his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the

---

[1] In his original complaint, Plaintiff named the Dallas Police Department as a defendant. However, in answer to Question 3 of the magistrate judge's questionnaire, Plaintiff named the City of Dallas in lieu of the Dallas Police Department. (See Answer to Questionnaire filed on January 28, 2005).

[2] He also requests that his misdemeanor offenses of criminal mischief be declared void and unconstitutional which are not cognizable claims in a civil rights action.

disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A copy of this recommendation will be mailed to Plaintiff David Stark's last known address at the Baten ISF, 1995 Hilton Road, Pampa, Texas 79065.

Signed this 9th day of June, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.